1 | CHARLES D. MAY, STATE BAR NO.: 129663
GENE D. SHARAGA, STATE BAR NO. 131661

2 | **THARPE & HOWELL**
**15250 Ventura Boulevard, Ninth Floor**

3 | **Sherman Oaks, California  91403-3221**
**Telephone:  (818) 205-9955**

4 | **Facsimile:   (818)205-9944**
**E-Mail: cmay@tharpe-howell.com**

5 | **E-Mail: gsharaga@tharpe-howell.com**

6 | Attorneys for Defendant,

7 | LOWE'S HIW, INC., erroneously sued and served as LOWES
COMPANIES INC.

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL  DISTRICT OF CALIFORNIA - WESTERN DIVISION

11

LINDA DIAZ,  ) **CASE NO.** CV08-02804 ABC (AGRx)

12 | )

Plaintiff(s),  ) (Los Angeles County Superior Court

13 | ) Case No. KC052479)

v.  )

14 | ) **AGREED ORDER OF**

LOWES COMPANIES  INC., and  ) **PROTECTION**

15 | DOES 1 TO 30, INCLUSIVE,  )

)

16 | Defendant(s).  ) | *TRIAL DATE: 6/23/09*

)

17 | _____  )

18 | It appearing to the Court that the Plaintiff and Defendant are in agreement that Lowe's HIW,

19 | Inc. (hereinafter "the Defendant") possesses proprietary policies and procedures, as well as personnel

20 | files of present and former employees, that include confidential information that may be subject to

21 | discovery in the proceedings in this matter but which should not be made available to the public

22 | generally, this Court hereby orders that:

23 | 1.     All documents produced or information disclosed and any other documents or records

24 | designated as "confidential" by the Defendant shall be revealed only to Plaintiff, counsel of record in

25 | this case, paralegals and secretarial employees under counsel's direct supervision, and such persons

26 | as are employed by counsel to act as experts in this action.  The information considered as

27 | "confidential" and disclosed only in accord with the terms of this paragraph shall include, without

28

- 1 -

**AGREED ORDER OF PROTECTION**

**THARPE & HOWELL**
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

limitation, all of the Defendant's policies and procedures, as well as personnel records, including disciplinary records, identity, or any other information or documentation supplied by the Defendant in response to Plaintiff's Interrogatories or Requests for Production.

2.      Counsel for Plaintiff shall use all documents and information produced or disclosed by the Defendant solely for the purposes of preparation for and trial of this action.   Under no circumstances shall information or materials covered by this Protective Order be disclosed to anyone other than Plaintiff's counsel of record in this action, paralegals, secretarial employees under counsel's direct supervision, and such persons employed to act as experts in this action.   At the conclusion of the proceedings in this action, all documents and information subject to this Order, including any copies or extracts or summaries thereof, or documents containing information taken therefrom, shall be returned to counsel for the Defendant.

3.      Prior to disclosure of any documents designated as "confidential" to paralegals or secretarial employees of counsel or Plaintiff, counsel for Plaintiff shall require such employees to read this Protective Order and agree to be bound by its terms.

4.      If counsel for Plaintiff determines that for purposes of this action, documents or information produced by the Defendant and designated as "confidential" must be revealed to a person employed to act as an expert in this action, then counsel may reveal the designated documents or information to such person, after first complying with the following:

(a)      Counsel for the Plaintiff shall have the expert read this Order and shall explain the contents thereof to such expert.

(b)      Counsel for the Plaintiff shall require such expert to sign a copy of this protective order that states: "I have read and understood the terms of this protective order.  I further agree to be bound by its terms."  Nothing in this paragraph shall be deemed to enlarge the right of Defendant to conduct discovery of any of Plaintiff's experts, except solely with respect to the ability of such expert to protect confidential information and documents from re-disclosure.

**AGREED ORDER OF PROTECTION**

**Diaz  v. Lowes Companies Inc. et al.**
**Case No.** CV08-02804 ABC (AGRx)

5. Any pleading or other document disclosing information subject to this Order, which may be submitted to the Court, whether in the form of interrogatory answers, document production, deposition notices or transcripts, motions, affidavits, briefs or other documents, shall be filed in a sealed envelope appropriately marked as confidential and subject to protective order. The Clerks are directed to maintain such documents under seal, to be made available only to the Court and to counsel in this proceeding.

6. This Order is subject to revocation and modification by Order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

Entered this 18 day of November, 2008.

_Alicia G. Rosenberg_

_____
**Judge**

**APPROVED FOR ENTRY:**

RUBIN, INC.                                     THARPE & HOWELL

By:_____        By:_____
    RUSSELL M. RUBIN                          CHARLES D. MAY
    Attorney for Plaintiff,                      STEPHANIE
                                FORMAN
    LINDA DIAZ                                   Attorneys for Defendant,
                                LOWE'S HIW, INC.

C:\Temp\notesE1EF34\Protective Order.wpd

**THARPE & HOWELL**
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California  91403-3221

- 3 -
**AGREED ORDER OF PROTECTION**

***Diaz v. Lowes Companies Inc. et al.***
*Case No.*

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.  At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.  My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, California  91403.

3.  I served copies of the following documents (specify the exact title of each document served): **AGREED ORDER OF PROTECTION**

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

Russell M. Rubin, Esq.
RUBIN, INC.
6101 Bell Road, Suite 200
Cypress, CA 90630
(714) 761-9000; (714) 761-9007 - Fax
Attorney for Plaintiff,
LINDA DIAZ

5.  a.  ❑   **By personal service**.  I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.  (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b.  ☒  **By United States mail**.  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and (specify one):

      (1)  ❑      deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

      (2)  ☒      placed the envelope for collection and mailing on the date shown below, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

THARPE & HOWELL
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California  91403-3221

- 4 -

**AGREED ORDER OF PROTECTION**

**Diaz  v. Lowes Companies Inc. et al.**
**Case No.**CV08-02804 ABC (AGRx)

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c. ❑ **By overnight delivery**. I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ❑ **By messenger service**. I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ❑ **By fax transmission**. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

f. ❑ **By e-mail or electronic transmission**. Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

☒ I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

❑ I declare that I am a member of the bar of this Court.

 November 5, 2008        Jacqueline J. Thorne        _____
DATE                     (TYPE OR PRINT NAME)         (SIGNATURE)

C:\Temp\notesE1EF34\Protective Order.wpd

THARPE & HOWELL
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 5 -

**AGREED ORDER OF PROTECTION**

**Diaz v. Lowes Companies Inc. et al.**
**Case No.CV08-02804 ABC (AGRx)**